USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-4-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL FRANCESCHI, et al.,

                Plaintiffs,

      - against -

UNITED STATES OF AMERICA,

                Defendant.

**OPINION AND ORDER**

**11 Civ. 5676 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro Se* Plaintiffs Vidette Todaro-Franceschi and Michael Franceschi (jointly referred to as the "Franceschis") bring this action against the United States of America (the "Government") pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The Parties have consented to the Court's jurisdiction pursuant to 28 U.S.C. § 636(c). Before the Court is the Government's motion to dismiss the present action for failure to prosecute. For the reasons that follow, the Government's motion is **GRANTED**.

The district court has the discretion to dismiss a case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *Lukensow v. Harley Cars of New York,* 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (*citing Harding v. Fed. Reserve Bank of New York,* 707 F.2d 46 (2d Cir.1983)). "A [d]istrict [c]ourt may, *sua sponte,* dismiss an action for lack of prosecution." *Id.* (*citing Link v. Wabash R. Co.,* 370 U.S. 626 (1962)). The Second Circuit, however, has added a caveat to this discretionary power, cautioning that dismissal under Rule 41(b) "is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir. 1996) (*citing Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir. 1988). Dismissal should be determined in "light of the whole record." *Id.* The Second Circuit has further advised district courts to "be especially hesitant to dismiss for procedural deficiencies

where . . . the failure is by a pro se litigant." *Id.* (*citing Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir.1993)).

Accordingly, the Second Circuit has established factors to be considered in determining whether a *pro se* litigant's case should be dismissed for lack of prosecution under Rule 41(b), including: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* (*citing Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir.1994) *and Alvarez*, 839 F.2d at 932).

The Franceschis filed their Complaint on August 16, 2011. The Government was served on October 18, 2011, and filed its Answer on October 21, 2011. On June 20, 2012, Michael Kaplan was allowed to withdraw as counsel for the Franceschis. Docket No. 12. To date, new counsel has not been retained. By letter dated September 19, 2012, the Franceschis informed counsel for the Government that they were "dropping the suit" and will "not be taking any further legal action." Docket No. 15. Thereafter, the Court ordered the Franceschis to show good cause why the action should not be dismissed. *Id.* The Court has not received any response. In light of the Franceschis' representations to opposing counsel and failure to show cause, the case is **DISMISSED** without prejudice.

**SO ORDERED this 4th day of February 2013**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

2